TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00259-CR


NO. 03-03-00260-CR







Aaron Gregory Johnson, Appellant






v.






The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NOS. B-02-1012-S & B-02-1013-S


HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



A jury found appellant Aaron Gregory Johnson guilty of the aggravated assault of his
wife, Sherri Dale Johnson. See Tex. Pen. Code Ann. § 22.02(a)(1) (West Supp. 2004). The jury also
found him guilty of intentionally injuring Sherri Johnson's eight-year-old son, Kenny Dale
Rodriguez. See id. § 22.04(a)(3) (West 2003). After finding that appellant had a previous felony
conviction, the district court sentenced him to a twelve-year prison term for the former offense and
a ten-year prison term for the latter. We will affirm both judgments.

In his sole point of error, appellant urges that the evidence is legally and factually
insufficient to sustain the jury's guilty verdicts. In determining the legal sufficiency of the evidence
to support a criminal conviction, the question is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); Griffin v. State,
614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency review asks whether a
neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the
proof of guilt is either so obviously weak or so greatly outweighed by contrary proof as to undermine
confidence in the jury's determination. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

At the time of the assaults, appellant and his wife were estranged and living apart. 
On the night in question, appellant went to Johnson's residence, they argued, and he attacked her. 
Johnson testified that appellant repeatedly struck her in the face with his fists. Rodriguez came to
his mother's aid and was also struck by appellant.

Appellant contends the State failed to prove that Johnson suffered serious bodily
injury. He points to evidence showing that she was never unconscious and was not hospitalized. 
He also notes that Johnson's skull was not fractured and she did not suffer any brain damage. She
had "moderate to severe bruising" and "only had to have five stitches." 

Dr. Stephen Smith treated Johnson two days after the assault and continued to see her
on a monthly basis up to the time of trial six months later. He testified that because of the blows to
her jaw, "she cannot open her mouth as you'd expect someone her age" and "was still having
significant trouble eating or talking." Smith said he was worried that Johnson would experience
chronic jaw problems. Smith referred Johnson to Dr. Thomas Jeter, an oral and maxillofacial
surgeon. Jeter testified that he examined Johnson three times, the most recent visit being three
months after the assault. He said that Johnson was experiencing muscle spasms in her jaw that limit
her ability to open her mouth and chew. He expected these spasms to come and go "for a number
of years if not forever." 

The medical testimony is sufficient to support a finding that Johnson suffered a
protracted impairment of her mouth and jaw as a result of the blows inflicted by appellant. See Tex.
Pen. Code Ann. § 1.07(a)(46) (West Supp. 2004) (defining "serious bodily injury"). The evidence
cited by appellant does not contradict or outweigh this testimony, nor does it otherwise undermine
confidence in the jury's determination. The evidence is legally and factually sufficient to support
appellant's conviction for causing serious bodily injury to Sherri Johnson.

Appellant struck Kenny Dale Rodriguez on his back when the boy came to his
mother's aid. Rodriguez testified that the blow "hurt." Two other witnesses testified that they saw 
a "purplish red mark" or bruise on Rodriguez's back. Appellant asserts that this evidence is not
sufficient to prove that the child suffered "intentional bodily injury." To the contrary, we find this
evidence to be both legally and factually sufficient to prove that appellant caused physical pain to
Rodriguez. See id. § 1.07(a)(8) (defining "bodily injury"). Appellant does not refer us to any
evidence suggesting that he did not intend to hurt the child, and we find none. The evidence is
legally and factually sufficient to support appellant's conviction for intentionally causing bodily
injury to Kenny Dale Rodriguez.


The point of error is overruled and the judgments of conviction are affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed: February 20, 2004

Do Not Publish